# IN UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

**DATE:** 1/8/2025

| **DISTRICT JUDGE**<br>Amos L. Mazzant, III | **COURT REPORTER:** Gayle Wear<br>**COURTROOM DEPUTY:** Keary Conrad |
|---|---|
| United States of America<br><br>v.<br><br>Olamide Olatayo Bello (1)<br>Olabode Thomas Ajibola (2)<br>Dumbor Josephine Baribe (11) | 4:23-CR-136 |

| **ATTORNEYS FOR GOVERNMENT** | **ATTORNEYS FOR DEFENDANT** |
|---|---|
| Sean Taylor and Chalana Oliver | Pro Se (with standby counsel, Phillip Linder) (1)<br>Mark Perez (2), and James Whalen (11) |

On this day, came the parties by their attorneys and the following proceedings were held in Sherman, TX:

| TIME: | MINUTES: Final Pretrial Conference |
|---|---|
| 10:33 a.m. | Court in session. Court notes appearances. |
| | Government requests 30 minutes for voir dire. Court will allow 1 hour for each side. Defendant will split the time of equally. Each defendant will get 20 minutes. Opening statements - 1 hour. Defendant will split the time equally. Each defendant will receive 20 minutes for opening statement. |
| | Government believes the case will take 1 week. Defendant's counsel agrees. The Court will advise the jury that the case may take 1 ½ weeks just in case. The Court advises the Parties that the Court will take ½ day for a funeral on Thursday. Defendant's counsel, James Whalen, Mark Perez, and Phillip Linder Defenant will speak in the narrative and then the Government will cross examine the Defendant. |
| | Parties will receive seating chart. Court will provide each side with a strike list. Government receives 6 strikes; Defendant collectively will receive 10. |
| | Court advises jury will begin arriving at 8:00 a.m. Jury selection will begin at 10:00 a.m. Court advises Parties that the Court will be dark on ½ day Friday (1/17/2025). The Parties agree that the Parties will change the order of presentation. Dumbor Baribe (11) will go first. Olabode Ajibola (2) will be second and Olamide Bello (1) will be first. |
| | Dkt. #480 - Defendant Baribe is not opposed. Ajibola is not opposed. Bello objects. Court advises they are all standard matters. The Court advises Defendant that he cannot go into these. The Court grants the Governments MIL's. |

CASE NO.  4:23CR136    DATE:1/8/2025
PAGE 2  - PROCEEDINGS CONTINUED:

| TIME: | MINUTES: Final Pretrial Conference |
|---|---|
| 10:44 a.m. | Dkt. #483 - Joint Motion in Limine. The first 13 are not opposed. The Court grants MIL's 1-13; parties should approach the bench for any issues. As to MIL #14 - expert notices. Granted in part. Agent Rennie cannot give expert opinion regarding the case only factual testimony. If Agent Rennie's testimony ventures into his expertise, the Parties should approach the bench. |
| | Parties discuss Dkt. #486 and Dkt. #488. Defendant's counsel, Whalen withdrawns Dkt. #488. The Court will deny #488 as moot. Regarding Dkt. #486, the Court granted in part. Denied as to FBI Analyst Pamela Williams; but Granted as to Agent Rennie's testimony as outlined in the MIL (Dkt. #483, #14). |
| | Parties discuss Dkt. #285 - Court grants as to the Samsung and 2 computers, but denied as to anything else. |
| 10:54 a.m. | Dkt. #431 - Court denied. |
| 10:59 a.m. | Dkt. #427 - Court denied.  Dkt. #429 - Court denied. |
| 11:01 a.m. | Counsel Linder advises that Bello will not object to the authenticity but will object to the relevance. |
| 11:02 a.m. | Dkt. #432 - regarding speedy trial. Court hears from Defendant Bello regarding motion and calculations he is requesting. Court denied. Court finds that the record of the Court speaks for itself and it was also addressed in the Memo Adopting the R & R on the Motion to Dismiss by Judge Davis. The Court finds that there is no violation of speedy trial. |
| | Dkt. #433 - dismissal of original indictment. Court denied. The Court finds the indictment is more than sufficient. |
| 11:07 a.m. | Dkt. #438 - transactional records. The Court hears from Defendant Bello. Court hears from the Government regarding documents. Court denied. The Court finds that the motion is not timely. |
| | The Court addresses Dkts. #439, 440, 441 442, 443, 444, 445, 446 are all similar motions to preserve. Court inquires from the Government regarding documents requested by Defendant and are they part of the Government's records. Court hears from Defendant Bello. The Court finds that the motions are not timely. Court denied as untimely and nothing showing specialied need for getting those. |
| 11:12 a.m. | Dkt. #447 - motion to produce. Court inquires from Government what the Government has done regarding production of discovery and 404(b) evidence and statements (Jencks material). Court inquires when Jencks material will be provided to Defendant(s). Court advises transcripts have been requested. Government advises those will be turned over this afternoon to Defendant(s). Court denied. Government will provide witness statement as soon as they receive the transcript. |
| 11:14 a.m. | Dkt. #448 - bill of particulars. Court denied. The Court finds the indictment provides enough detail and notes that bill of particulars are not methods for discovery. |
| 11:15 a.m. | Dkt.#466 - deposition and disclosure under 6(e). The Court finds that the motion is not timely. The Court will group this together with #467 and #468. The Court finds that the motions are not timely. The response time is not until next Friday. The Court asks the Government to respond to these three motions and the response is due 7 days after we finish the trial. The motions will not be resolved prior to trial. |

| TIME: | MINUTES: Final Pretrial Conference |
|---|---|
|  | Dkt. #492 - the Court notes that the record is the record. The Court advises the Defendant that if there is a Batson challenge at trial, he can certainly make it. Court denied. The information is preserved and the Defendant will be given an opportunity to object at the time of trial. |
| 11:20 a.m. | Dkt. #493 - motion to compel production of Giglio production, exclude FBI Rennie. Court inquires as to the basis of the motion. The Court hears argument from Government AUSA Taylor. Court denied. The Government advises that the plea agreements have been provided to the Defendant Bello. The Court finds the motion is generalized and there is no basis for the Court to take any action. |
|  | #494 - quash subpoena on gmail account. The Court hears from AUSA Taylor. The Court advises Defendant that it has already been subpoenaed. The Court hears from Defendant. The Court denied the motion as moot. |
| 11:24 a.m. | #495 - quash - Court hears from Defendant Bello. Court denied. |
|  | #496 - IFP motion - Parties discuss non-frivolous appeal at this stage. Court will take no action on IFP right now. Court you have filed numerous appeals and it will be up to the 5th Circuit as to whether or not the 5th Circuit has jurisdiction. Court advises of how the appeal process works. The Court will hold the motion in abeyance. |
|  | #497 - motion for paper hearing transcripts - the Court advises Defendant the motion is premature. The Court advises Defendant that he will get those in the event of an appeal. As far as the motions to suppress transcripts, the Government is going to provide those. Court hears from Defendant regarding no time to prepare for trial. Court denied without prejduice. Defenant can reassert later fo rpurposes of appeal |
| 11:32 a.m. | Dkt. #499 - subpoena forms. Court denied the motion as moot. The standby counsel can get you the forms. Court inquires regarding witnesses Bello wants to subpoena. Standby counsel Linder will meet with Defendant Bello after hearing today and will advise the Court as to whether or not there are additional witnesses that may need to be called. Defendant Bello indicates that he wants to subpoena Progressive Insurance. |
| 11:34 a.m. | Dkt. #500 - emergency motion to exclude Agent Rennie. Court inquires as to why the Defendant Bello wants to exclude Agent Rennie. Court denied. There is not a good faith basis for the Court to exclude Agent Rennie. |
| 11:40 a.m. | Bello's Motion to Dismiss #430 and Defendants 2 and 11's Motion to Dismiss Count 2 (Dkt. # 487). Court hears argument from Baribe's counsel, James Whalen. Court hears from AUSA Taylor. Court inquires regarding Government response |
| 11:50 a.m. | AUSA Taylor inquires of the Court regarding two litigation support technicians and two federal agents, Agent Rennie and Agent Pontillo. No objection by Defendant(s). |
| 11:51 a.m. | Counsel Whalen inquires with the Court regarding difficulty understanding because of the language. Defendant Bello is asked to slow down and the Court will reach out to an interpreter to see if we can get an interpreter here by Monday for trial. |
|  | Defendant Bello is advised that he will do questioning from the podium and advised that voir dire questioning will be done from the stand in the gallery. |

CASE NO.   4:23CR136      DATE:1/8/2025
PAGE 4  - PROCEEDINGS CONTINUED:

| TIME: | MINUTES: Final Pretrial Conference |
|---|---|
| 11:55 a.m. | Defendant Bello inquires regarding pending motions that need to be resolved. Defendant Bello inquires regarding dismissing the original indictment.  Court advises Defendant that at sentencing if the Defendant is convicted, then the original indictment will be dismissed. |
| | The Court notes that the Defendant(s) have all waived regarding the Superseding Indictment and are prepared to go to trial on those. Defendant Bello questions regarding additional motions he has to file. Court advises the Defendant that he should provide those to his stand-by counsel and they shoudl take them down to the Clerk's office. |
| 11:54 a.m. | Court adjourned. |

DAVID O'TOOLE, CLERK

BY:  *Keary Conrad*

Courtroom Deputy Clerk